Chase, J.
delivered the following opinion : The question submitted to the court, by the case stated in this suit is, whether James Davidson, one of the subscribing witnesses, who attested the will of Jacob Brown, and who, at the time of the attestation of the said will, was married to Margaret Scott, one of the devisees under the will, is a credible witness for the purpose of proving the *531 wilí, upon his and his wife’s joining in a release of all ihfiir right and interest under the will ?
This case must be decided according to the statute of frauds and perjuries, and the principles of the common law, as to the mode of proof of the attestation.
The word credible, in this clause of the statute, cannot be taken according to its most common and usual signification and importj for a question concerning the credibility of a witness cannot arise until his competency is admitted. The question of competency is determinable by one tribunal, the court; ’ and the question of credibility by another tribunal, the jury, upon the issue devisavit vel non: and where a spirit of litigation prevailed, no will could be established without undergoing a discussion before a jury, whether the witnesses were credible or not; so that whether a will was executed agreeable to the statute, would be eventual, and depend on the opinion of the jury, as to the credibility of the witness, which would frustrate the provision of the statute, by putting it out of the power of the testator, let bis understanding or caution be ever so great, to comply with that part of the solemnity, and to avoid the question, whether the witnesses were credible or not, and upon this ground that meaning ought to be rejected.
If, according to the opinion of Lord Mansfield,, the word credible crept in from want of attention to its meaning, or from the inaccuracy of the penman, or from its being used in the statutes relating to convictions before justices in a summary way, or whether, according to the opinion of Lord Camden, it means competent: in either case it must be rejected as superfluous and nugatory ; for competency is included in tbe term witness, so-the clause must be considered as if it stood without the word credible.
All persons in general are capable of attesting a will as witnesses who are not infamous, insane, or so young, as to want discretion, 3 Bl. Com.
*532 Every person who attests a will as a witness must be competent to attest the will at the time of attestation, and no subsequent act can restore him to competency who , was incompetent at the- time of his attestation so as to give validity to the will; and é converso, he who was competent as a witness at the time of attestation, cannot be rendered incompetent, so as to destroy his attestation to the will.
(' A person who is competent to attest a will, may be incompetent to prove it, from the circumstance of his deriving an interest under it.
A legatee or devisee is a competent witness to attest a will, and whether he is competent to prove it or not, will depend on the circumstance ol his releasing or refusing to relinquish his interest under the will.
A legatee or devisee has no interest in the legacy bequeathed, or property devised, at the time of his attestation. ' His interest is contingent, and a mere possibility. His interest is like that of an heir at law, who is allowed to be a competent witness in disputes relating to the land of his ancestor.
The interest of the legatee or devisee cannot attach 2ior exist until the death of the testator. The will may be cancelled or revoked by a subsequent will; so that it is nothing more than a possibility of interest.
The interest which disqualifies or incapacitates a witness is an actual subsisting one, and not a future, contingent, or possible interest; and no stronger instance can be adduced than that of the heir at law, which is exactly analogous to that of the devisee or legatee. Vide 1 Salk. 383. Buller’s N. P. 284.
In one case the possible interest of the heir apparent will attach or vest, if the ancestor dies without a will. In the other case the possible interest of the devisee or legatee will vest if the testator dies without making a new will, or cancelling the old.
*533 The presumption of bias on the ground of interest is as strong in one case as in the other.
It is contended that a legatee or devisee is incompetent to attest the will on the ground of interest. A case has occurred to me, which, I think, proves the fallacy of this position. Suppose the legatee dies before the testator, and the legacy is a lapsed legacy. In such case the legatee never had any interest, and yet he is to be adjudged an incompetent witness to attest the will on account of his interest, and the will is to be held void. Further to elucidate the point, and to prove the legatee has no interest at the time of attesting the will, to disqualify him as a witness, suppose A. being seised of a tract of land called Blackacre, makes his will, which is executed according to the statute, and devises it to B. ; the will is known and its contents, a dispute arises in the lifetime of A between him and C., who holds an adjoining tract called Wkiteacre, respecting the bounds of Blackacre, and an ejectment is brought; B. the devisee, is produced as a witness to prove some of the bounds of Blackacre; an objection is made to him as being incompetent, being a devisee under the will of A.'of Blackacre; the will and devise is admitted or proved, could the court adjudge him to be an incompetent witness ? I think the court would say without hesitation, his interest was contingent, and a mere possibility, and that no stronger objection lay against him than against an heir at law, who is allowed to be a legal witness in a dispute, relative to the land of his ancestor.
I will endeavour to explain my position, that a legatee may be competent to attest, and incompetent, or competent to prove the will, according to his retaining or. releasing his interest derived under the will, when he is called upon to prove it.
When the Will is attested by three witnesses, and clothed with the other solemnities prescribed by the statute,, it then becomes necessary to prove the attestation by the *534 witnesses whose names are subscribed, and also a compliance with the other requisites. The witnesses, if living, must be called on to prove their attestation; because it is the best evidence. If any one of the witnesses should, as legatee or devisee, derive an interest under the will, such witness would be rejected as incompetent to prove his attestation, on the ground of interest, unless such interest was released; and no inferior kind of testimony could be resorted to or admitted to prove his attestation, and, consequently, there would not be proof that the will was attested by three witnesses. Esp. N. P. 755, 756. Bull. N. P. 264. The will must be proved by all the witnesses.
A will to transfer real property under the statute, must appear to have the solemnities required by the statute, and proof must be adduced of such solemnities, and the best evidence must be given, and the best evidence is the proof of the witnesses themselves.
If in the interval between the attestation and the proof of the will, any of the witnesses should become infamous, be insane ©r die, proof of the attestation of such witness, by the other witnesses, would be received as legally admissible, because the best evidence. 2 Stra. 1109.
It is said by Chief Justice Lee, in Ansty and Dowsing, that'the allowing a devisee or legatee to be a witness to attest a will would be opening a door to fraud.
The admission of a legatee or devisee as a witness to attest the will, will open no door to fraud. The witnesses do not know the contents of the will, nor is it necessary they should; therefore, it is not to be presumed that the witness, if he is a legatee, knows any thing of it at the time of his attestation.
When fraud is practised, the persons who are capable of practising it generally clothe the transaction with all the necessary forms and solemnities. If the will is obtained by fraud, the heir at law can give evidence of it *535 to defeat the will. Bull. N. P. 266. Fraud is exam in able in a court of law.

The Court

are of opinion that James Davidson is a credible witness for the purpose of proving the will, upon his and his wife’s joining in a release of all their right and interest under the will, and on the case stated, give judgment for the defendant.
The plaintiff appealed, and, at November term, if99, the court of appeals affirmed the judgment of the general court.